UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NORTH AMERICAN ENTERTAINMENT  §
GROUP, INC. and BRIAN ALDEN,   §
    *Plaintiffs*,                §
                               §
v.                             §   CIVIL ACTION H-08-1393
                               §
JE'CARYOUS JOHNSON AND GARY GUIDRY, §
    *Defendants*.              §

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiffs' motions for entry of default, default judgment and summary judgment. Dkts. 12,13. Upon consideration of the motions, the record, and the applicable law, plaintiffs' motion for default judgment is DENIED, and motion for summary judgment is GRANTED.

**I. BACKGROUND**

Plaintiffs and defendants entered into two separate transactions. Dkt 1. In September 2006, plaintiffs lent defendants $100,000 to be repaid within seventy-five days per the terms of a Promissory Note. Dkt. 14. The record does not show the purpose of this loan. *Id.* Plaintiffs made a second loan to defendants in August 2007 under the terms of the Security Agreement for $200,000. *Id.* This second loan had a nine percent (9%) per annum interest rate. *Id.* This loan was for the touring and production of the plays *Shacking Up* and *Whatever She Wants. Id.* Both defendants signed the 2006 Promissory Note and the 2007 Security Agreement (collectively "Agreements"). *Id.* Furthermore, on the 2007 loan, Johnson signed a separate Promissory Note giving his personal guarantee of the loan, and Guidry signed a Personal Guaranty of the debt (collectively, "Promissory Notes"). *Id.*

In their answer, defendants did not contest any of the facts alleged in plaintiffs' original complaint. Dkt. 5. Instead, they argued that the Agreements and Promissory Notes plaintiffs

attached as exhibits to the complaint were not the correct documents; nonetheless, defendants did not provide alternative Agreements or Promissory Notes. Dkt. 2.

Plaintiffs filed their first amended complaint on October 31, 2008. Dkt. 11. Defendants never answered. Plaintiffs then filed their motions for entry of default, default judgment and summary judgment on December 23, 2008. Dkts. 12-13. Defendants have not responded to any of these motions.

## II. ANALYSIS

Plaintiffs move the court for a default judgment on the grounds that the defendants failed to answer the first amended complaint. Dkt. 12. Alternatively, plaintiffs have moved for summary judgment on all claims asserted in the first amended petition. Dkt. 13.

### A. Default Judgment

Federal Rule of Civil Procedure 55 allows for default judgment against a defendant who has failed to appear, plead or defend. FED. R. CIV. P. 55. The Fifth Circuit has interpreted this rule to require complete failure to plead in order to permit default judgment. *Bass v. Hoagland,* 172 F.2d 205, 210 (1949) ("When [defendant] . . . filed a denial of the plaintiff's case neither the clerk nor the judge could enter default against him."). Defendants have not completely failed to plead because they did respond to the original petition. Dkt. 5. Plaintiffs' motions for default and default judgment are DENIED.

### B. Summary Judgment

Alternatively, plaintiffs move the court for summary judgment with affidavits in support. Dkt. 13, 14. The affidavits include the same Agreements and Promissory Notes provided in the original complaint. Dkt. 14. Furthermore, they include requests for admissions from both defendants stating the Agreements and the Promissory Notes attached to the original complaint were "fair and accurate depiction[s] of the executed document[s]." *Id.* Defendants did not respond to the request for admissions. Consequently the defendants are deemed to have admitted the Agreements

2

and Promissory Notes provided to the court are "fair and accurate depiction[s] of the executed document[s]." FED. R. CIV. P. 36(c); Dkt. 14.

Accordingly, the court will now consider the obligations undertaken by defendants in the Agreements and Promissory Notes. As discussed above, the defendants agreed to borrow a total of $300,000 from plaintiffs. Dkt. 14. Defendants were to repay the $100,000 lent in the 2006 Agreement by mid-November 2006. *Id.* The $200,000 loan came due on December 31, 2007. *Id.* The 2006 Agreements and the 2007 Promissory Notes are not conditional. *Id.*

In their motion, plaintiffs anticipated defendants would argue that before plaintiffs can collect upon the 2007 agreement, they must first collect from the profits of the productions financed by the loan. Dkt. 13. Defendant's anticipated argument stems from language in Article 4 of the 2007 Security Agreement which states:

> As further security for payment of the Principal Sum and Interest to [plaintiff North American Entertainment Group], [defendants] agree that [North American Entertainment Group] may withhold fifty percent (50%) of any and all profits otherwise payable to [defendants], if any, with respect to the touring and production of those certain stage plays entitled *Shacking Up* and *Whatever She Wants* . . .

Dkt. 14. Plaintiffs counter that this language is permissive only, and that they were not required to withhold the funds to receive payment from defendants. *Id.*

Summary judgment is appropriate when there is no genuine issue of fact to be decided. *Ruiz v. Whirlpool, Inc.,* 12 F.3d 510, 513 (5th Cir., 1994). The Notes and Agreements are enforceable. And, a plain language reading of the Security Agreement makes clear that the clause allowing withholding or application of profits to the debt was for the protection of plaintiffs and was not a condition precedent of payment by defendants. Dkt. 14. Additionally, defendants are deemed to have admitted they have not made payment on either of these loans. FED. R. CIV. P. 36(c); Dkt. 14.

3

Accordingly, defendants are in default of the Agreements and Promissory Notes. Therefore, the plaintiffs' motion for summary judgment is GRANTED.

### III. CONCLUSION

Pending before the court are plaintiffs' motions for entry of default, default judgment and summary judgment. Dkts. 12, 13. Accordingly, JUDGMENT is entered for the plaintiffs as follows:

1. Plaintiffs shall recover from the defendants Johnson and Guidry, jointly and severally, principal in the amount of $100,000 for the 2006 Promissory Note and Guaranty plus prejudgment interest at the rate of 0.68% from November 14, 2006 until paid[1];

2. Plaintiffs shall recover from the defendants Johnson and Guidry, jointly and severally, principal in the amount of $200,000 for the 2007 Security Agreement and Promissory Note plus prejudgment interest at the rate of 9% from August 1, 2007 until paid;

3. Post- judgment interest of 0.68%;

4. Attorneys' fees in the amount of $15,000.

Signed at Houston, Texas on March 12, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY

---

[1] Under Texas law, for equity claims of prejudgment interest where an interest rate is not specified in the contract, prejudgment interest accrues at the same rate as postjudgment interest. *Int'l Turbine Servs. v. VASP Brazilian Airlines*, 278 F.3d 494, 499-500 (5th Cir. 2002).